UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:01-cr-88-TRM-SKL-01 |
| | ) | |
| LEONARD MYREE | ) | |

## **MEMORANDUM AND ORDER**

LEONARD MYREE, ("Defendant") appeared for a first hearing on May 17, 2019, in accordance with Rules 5 and 32.1 of the Federal Rules of Criminal Procedure on the Petition for a Warrant or Summons for an Offender Under Supervision ("Petition").

Defendant was placed under oath and informed of his constitutional rights. It was determined that Defendant wished to be represented by an attorney. It was also determined, without objection, that Defendant did not qualify for appointed counsel and also did not want to represent himself. CJA Panel Attorney Mike Acuff was present and appointed on a limited basis to assist Defendant at the May 17, 2019 hearing, at a subsequent May 22, 2019 hearing, and to facilitate a communication with Defendant's retained counsel of choice. It was also determined that Defendant had been provided with, and reviewed with Attorney Acuff a copy of the Petition. Defendant was advised of his right to both a preliminary hearing and a detention hearing after the Government moved that Defendant be detained without bail pending resolution of the Petition. At the May 17, 2019 hearing, Defendant requested both hearings and additional time to retain his counsel for the hearings.

The hearings were initially scheduled for May 22, 2019. Defendant was placed under oath and informed of his constitutional rights. Defendant again requested additional time to retain counsel and agreed that he no longer needed the assistance of Attorney Acuff as a family member would be communicating with his potential retained counsel.

The hearings were again rescheduled for May 31, 2019. Defendant was placed under oath and informed of his constitutional rights. Defendant has not yet retained counsel and provided no good cause for the failure to do so. The government's subpoenaed witnesses for the hearings were present and the government was prepared to proceed with both the preliminary hearing and a detention hearing, if requested. Defendant waived his right to a preliminary hearing and a detention hearing, and asked that he be allowed to seek a detention hearing in the future. The Court agreed Defendant may seek a detention hearing in the future. At the May 31, 2019 hearing, Defendant again requested additional time to retain counsel, noting he does not want to represent himself. A status conference was scheduled for **June 12, 2019 at 10:00 a.m.** unless it is cancelled as a result of retained counsel entering an appearance in the interim.

Based upon the Petition and Defendant's waiver of preliminary hearing, the Court finds

there is probable cause to believe Defendant has committed violations of his condition of supervised release as alleged in the Petition.

Accordingly, it is **ORDERED** that:

(1) Upon retention by Defendant of counsel, or an election to represent himself, counsel for Defendant or Defendant and the Government may confer and make best efforts to submit to U.S. District Judge McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

(2) In the event an agreement with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision is not reached, a hearing before U.S. District Judge McDonough shall be requested.

(3) The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further order from this Court is **GRANTED**.

SO ORDERED.

ENTER.

                                                     s/ *Susan K. Lee*
                                                    SUSAN K. LEE
                                                    UNITED STATES MAGISTRATE JUDGE